UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL FLOYD,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CRUNCH FITNESS - SAN JOSE,<br><br>　　　　Defendant. | Case No. 24-cv-08314-VKD<br><br>**ORDER TO SHOW CAUSE RE DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Re: Dkt. Nos. 1, 9, 12 |

Michael Floyd, who is representing himself, filed a petition seeking an order vacating an arbitration award resulting from a dispute with Bay Area Crunchers, LLC, doing business as Crunch Fit ("Crunch Fit").[1] Dkt. No. 1. Crunch Fit opposed Mr. Floyd's petition and moved for an order affirming the arbitration award. Dkt. No. 12. The parties appeared at an April 8, 2025 hearing on their respective motions. Dkt. No. 21. In an April 7, 2025 order, the Court invited the parties' responses regarding whether it has subject matter jurisdiction over this action, in view of *Badgerow v. Walters*, 596 U.S. 1 (2022). Dkt. No. 25.

The Federal Arbitration Act ("FAA")[2] does not itself create federal jurisdiction; rather, a federal court must have an independent basis on which to exercise jurisdiction. *See Badgerow*, 596 U.S. at 4. For requests to vacate or to confirm arbitral awards under FAA sections 9 or 10 (9 U.S.C. §§ 9, 10), a federal court does not look to the underlying arbitration to determine its

---

[1] Crunch Fit says that it erroneously was named in Mr. Floyd's petition as "Crunch Fitness-San Jose." *See* Dkt. No. 11.

[2] The record indicates that the parties entered into an agreement affecting interstate commerce and explicitly stating that the agreement to arbitrate is governed by the FAA. *See* Dkt. No. 9-2 at ECF 24 (agreement sec. 3.22); *see also* Dkt. No. 13 ¶ 9 Ex. F (Dkt. No. 13 at ECF 67).

jurisdiction, and instead "may look only to the application actually submitted to it in assessing its jurisdiction." *Badgerow*, 596 U.S. at 5. Based on the record presented, and the discussion held at the April 8, 2025 hearing, it does not appear that this Court has subject matter jurisdiction over this action. Mr. Floyd's petition invokes federal question jurisdiction based on his assertion of federal claims in the underlying arbitration. At the hearing, Mr. Floyd reiterated the same. *See* Dkt. No. 1 at 2; Dkt. No. 9 at 2; *see also* Dkt. No. 27. However, as discussed above, the presence of federal claims in the underlying arbitration is not a sufficient basis for the Court's jurisdiction over this action. *See Badgerow*, 596 U.S. at 5. At the hearing, Crunch Fit conceded that this Court lacks subject matter jurisdiction. *See* Dkt. No. 27.

As there appears to be no basis on which this Court may exercise jurisdiction over this matter, this action must be dismissed. On the record presented, the Court is doubtful that any basis for its jurisdiction could be stated. Nevertheless, as discussed at the hearing, and in view of Mr. Floyd's self-represented status, he will be given an opportunity to state why this action should not be dismissed for lack of subject matter jurisdiction. By **April 23, 2025**, Mr. Floyd shall file a written response to this order, explaining the basis (if any) for this Court's jurisdiction over this action. Crunch Fit may have until **April 30, 2025** in which to file a reply to Mr. Floyd's filing. Each party's filing shall not exceed 10 pages.

As discussed at the hearing, Mr. Floyd is cautioned that he may not simply assert a basis for jurisdiction that is not based on the record. Additionally, his response to this order and any asserted basis for subject matter jurisdiction must be warranted by existing law, and any factual allegations must be made in a good faith belief as to the evidentiary support for them.

**IT IS SO ORDERED.**

Dated: April 9, 2025

Virginia K. DeMarchi
United States Magistrate Judge