UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

MICHAEL FLOYD,

        Plaintiff,

v.

CRUNCH FITNESS - SAN JOSE,

        Defendant.

Case No. 24-cv-08314-VKD

**ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

Michael Floyd, who is representing himself, filed a petition seeking an order vacating an arbitration award resulting from a dispute with Bay Area Crunchers, LLC, doing business as Crunch Fit ("Crunch Fit").[1] Dkt. No. 1. Crunch Fit opposed Mr. Floyd's petition and moved for an order affirming the arbitration award. Dkt. No. 12. The Federal Arbitration Act ("FAA")[2] does not itself create federal jurisdiction; rather, a federal court must have an independent basis on which to exercise jurisdiction. *See Badgerow v. Walters*, 596 U.S. 1, 4 (2022). The Court issued an order to show cause inviting the parties' responses on the question of whether the Court has subject matter jurisdiction over this action. *See* Dkt. No. 28; *see also* Dkt. No. 25.

As noted in the order to show cause, a federal court does not "look through" the petition pending before it to the underlying arbitration to determine its jurisdiction; instead a court "may look only to the application actually submitted to it in assessing its jurisdiction." *Badgerow*, 596

---

[1] Crunch Fit says that it erroneously was named in Mr. Floyd's petition as "Crunch Fitness-San Jose." *See* Dkt. No. 11.

[2] The record indicates that the parties entered into an agreement affecting interstate commerce and explicitly stating that the agreement to arbitrate is governed by the FAA. *See* Dkt. No. 9-2 at ECF 24 (agreement sec. 3.22); *see also* Dkt. No. 13 ¶ 9 Ex. F (Dkt. No. 13 at ECF 67).

U.S. at 5; *see also Tesla, Inc. v. Balan*, 134 F.4th 558, 560-61 (9th Cir. 2025) (same). In the present case, Mr. Floyd's petition invokes federal question jurisdiction based on his assertion of federal claims in the underlying arbitration. *See* Dkt. No. 1 at 2; Dkt. No. 9 at 2. However, as discussed above, the presence of federal claims in the underlying arbitration is not a basis for the Court's jurisdiction over this action. *See Badgerow*, 596 U.S. at 5; *Tesla*, 134 F.4th at 560-61. Mr. Floyd did not assert diversity jurisdiction, and jurisdictional facts establishing the basis for diversity jurisdiction do not appear on the face of Mr. Floyd's petition in any event. For its part, Crunch Fit concedes that this Court lacks subject matter jurisdiction over this matter. *See* Dkt. No. 28.

Accordingly, this action must be dismissed. The parties have not provided the Court with any basis to conclude otherwise, as the deadlines for the parties' responses to the order to show cause have passed, and the Court has not received any responses to that order. This action is dismissed for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: May 1, 2025

Virginia K. DeMarchi
United States Magistrate Judge